## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## NORTHERN DIVISION

TONYA L. BOYD                                                    PLAINTIFF

V.                              No. 3:20-CV-394-BSM-JTR

KILOLO KIJAKAZI, Commissioner
Social Security Administration[1]                               DEFENDANT

### RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Brian S. Miller. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objections; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### I.  Introduction

Plaintiff, Tonya L. Boyd ("Boyd"), applied for disability benefits on July 25, 2018, alleging disability beginning on May 18, 2018. (Tr. at 12). After conducting a hearing, the Administrative Law Judge ("ALJ") denied her application on February 25, 2020. (Tr. at 24). The Appeals Council denied Boyd's request for review on

---

[1] On July 9, 2021, Kilolo Kijakazi became the Acting Commissioner of the Social Security Administration and is substituted as the Defendant in this action. Fed. R. Civ. P. 25(d).

October 8, 2020. (Tr. at 1). Thus, the ALJ's decision now stands as the final decision of the Commissioner. Boyd has filed a Complaint seeking judicial review from this Court.

For the reasons stated below, the Court concludes that the Commissioner's decision should be affirmed.

## II.   The Commissioner's Decision

The ALJ found that Boyd had not engaged in substantial gainful activity since the alleged onset date of May 18, 2018.[2]  (Tr. at 14). At Step Two, the ALJ found that Boyd had the following severe impairments: congestive heart failure (CHF), obesity, hyperlipidemia, and obstructive sleep apnea. *Id*.

After finding that Boyd's impairments did not meet or equal a listed impairment (Tr. at 16), the ALJ determined that Boyd had the residual functional capacity ("RFC") to perform work at the sedentary exertional level. (Tr. at 17).

The ALJ found that Boyd was unable to perform any of her past relevant work. (Tr. at 22). At Step Five, the ALJ relied on the testimony of a Vocational Expert ("VE") to find that, based on Boyd's age, education, work experience and RFC, jobs

---

[2] The ALJ followed the required five-step sequence to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)–(g), 416.920(a)–(g).

existed in significant numbers in the national economy that she could perform, including work as a customer complaint clerk and a receptionist. (Tr. at 23, 33–34). Thus, the ALJ found that Boyd was not disabled.[3]  (Tr. at 24).

## III.  Discussion:

### A.  Standard of Review

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); *see also* 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable mind might accept as adequate to support a conclusion, "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> "[O]ur review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision." Reversal is not warranted, however, "merely because substantial evidence would have supported an opposite decision."

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (citations omitted).

---

[3] In finding that Boyd was not disabled, the ALJ properly relied upon the Medical-Vocational Guidelines ("Grids") in addition to VE testimony. (Tr. at 23–24). The Grids are "fact-based generalizations about the availability of jobs for people of varying ages, educational backgrounds, and previous work experience, with differing degrees of exertional impairment." *Gray v. Apfel*, 192 F.3d 799, 802 (8th Cir. 1999). The Grids direct a finding of "disabled" or "not disabled" when a claimant can perform all or substantially all of the exertional demands at a given level of exertion, with no non-exertional impairments. *Id.*; 20 C.F.R. § 404, Subpart P, Appx. 2. Because Boyd could perform the full range of sedentary work and had no non-exertional impairments, use of the Grids was appropriate, and the finding that Boyd was disabled based upon the Grids, in conjunction with VE testimony, was proper. (Tr. at 23–24).

In clarifying the "substantial evidence" standard applicable to review of administrative decisions, the Supreme Court has explained: "And whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence . . . 'is more than a mere scintilla.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 59 S. Ct. 206, 217 (1938)). "It means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.*

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence in the record as a whole which supports the decision of the ALJ. *Miller*, 784 F.3d at 477.

### B.   Boyd's Arguments on Appeal

Boyd contends that substantial evidence does not support the ALJ's decision to deny benefits. She argues vaguely that the RFC for sedentary work outstripped her abilities. After reviewing the record as a whole, the Court concludes that the ALJ did not err in denying benefits.

Boyd suffers from long-term heart problems, but she worked for many years in spite of her heart conditions. (Tr. at 175–176). She had a right and left cardiac

4

catheterization in 2014 (Tr. at 301), and did routine check-ups thereafter with her cardiologist, Michael Isaacson, M.D. Boyd often denied chest pain or shortness of breath, and generally speaking her cardiac and pulmonary exams in clinic with Dr. Isaacson were normal.[4] (Tr. at 19, 302, 361, 399–410, 425, 431, 480–490, 522, 529). Her doctors urged her to exercise and lose weight.[5] (Tr. at 301–302). Boyd treated conservatively with medication, and an echocardiogram in March 2018 showed mild-to-moderate conditions, which did not warrant more aggressive treatment. (Tr. at 380). In August 2018, Dr. Isaacson said that Boyd was doing well from a cardiac standpoint. (Tr. at 404–410). She did not require "advanced heart therapy," because she was "doing too well." (Tr. at 301–302). In November 2019, Boyd was told to continue her medications and return to the clinic for follow-up in six months. (Tr. at 529–535).

In spite of these benign records, Dr. Isaacson issued a medical source statement in 2019, stating that Boyd could perform only low stress jobs, and could only perform sedentary work, with additional postural limitations. (Tr. at 361–364). The ALJ found the opinion to be partly persuasive, noting that there was little citation to the record in the opinion and it was inconsistent with Dr. Isaacson's

---

[4] Normal clinical findings may support an ALJ's decision to deny benefits. *Gowell v. Apfel*, 242 F.3d 793, 796 (8th Cir. 2001).

[5] A physician's recommendation to exercise suggests that a claimant has an increased functional capacity. *See Moore v. Astrue*, 572 F.3d 520, 524 (8th Cir. 2009).

treatment notes. (Tr. at 21). Doctor's opinions that are written on short checkbox forms, like the opinion of Dr. Isaacson, are entitled to less weight.[6] The ALJ properly characterized Dr. Isaacson's report as only partly persuasive.[7]

Boyd also alleged problems from high blood pressure and diabetes, but both conditions were controlled with medication. (Tr. at 39–41). And Boyd did not require aggressive treatment or provide very many clinic notes relating to sleep apnea. (Tr. at 20–21). Obesity was also an impairment, but the ALJ discussed it in the opinion, addressing how it related to Boyd's other symptoms. (Tr. at 19). The ALJ found that obesity did not prevent Boyd from performing sedentary work. *Id*.

Boyd alleged that the RFC for sedentary work exceeded her abilities. A claimant's RFC represents the most she can do despite the combined effects of all of her credible limitations and must be based on all credible evidence. *McCoy v. Astrue*, 648 F.3d 605, 614 (8th Cir. 2011). In determining the claimant's RFC, the ALJ has a duty to establish, by competent medical evidence, the physical and mental activity that the claimant can perform in a work setting, after giving appropriate consideration to all of her impairments. *Ostronski v. Chater*, 94 F.3d 413, 418 (8th Cir. 1996). As shown above, treatment was conservative, clinical exams were

---

[6] See *Thomas v. Berryhill*, 881 F.3d 672, 675–76 (8th Cir. 2018).

[7] The Court notes that the ALJ clearly considered Dr. Isaacson's opinion because the ALJ formulated an RFC for sedentary work, which is more restrictive that the limitation to light work that the Disability Determination Services medical experts assessed. (Tr. at 55, 70).

unremarkable, and Boyd did not require more than routine follow-up for her conditions. Moreover, she was able to perform daily activities like preparing simple meals, watching TV, tending to personal care, driving, and doing light housework.[8] (Tr. at 15, 35–40, 274–281). The RFC did not exceed Boyd's abilities.

### IV.   Conclusion

There is substantial evidence to support the Commissioner's decision that Boyd was not disabled. The RFC fully incorporated all of Boyd's credible limitations.

IT IS THEREFORE RECOMMENDED that the Commissioner's decision be AFFIRMED and that judgment be entered for the Defendant.

DATED this 1st day of November, 2021.

_____
UNITED STATES MAGISTRATE JUDGE

---

[8] Such daily activities undermine her claims of disability. *Edwards v. Barnhart*, 314 F.3d 964, 967 (8th Cir. 2003).

7